IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO R. WILLIAMS, #239493, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:21-CV-782-WHA-CSC ) |
| MORRIS ROGERS, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Antonio R. Williams initiated this *pro se* 42 U.S.C. § 1983 action in November 2021. *See* Doc. 1. On January 13, 2022, the Court issued an Order directing Plaintiff to pay an initial partial filing fee of $4.78 on or before January 27, 2022. Doc. 4. On Plaintiff's motion, the Court subsequently extended the deadline twice, making the fee due on or before March 22, 2022. *See* Docs. 6, 8. The Court specifically cautioned Plaintiff that his failure to pay the fee would result in a Recommendation that this case be dismissed. Doc. 4 at 3. However, nearly seven months have passed since the extended deadline, and Plaintiff has not paid the fee.

Because of Plaintiff's failure to comply, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff failed to comply despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **October 26, 2022**, the parties may file objections to this Recommendation.[1] The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the

---

[1] The Eleventh Circuit has instructed that, before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the District Court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002). Giving Plaintiff a reasonable opportunity to object to the Magistrate Judge's Recommendation satisfies that requirement. *See id.*

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 12th day of October, 2022.

                                        /s/ Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE